HUSE et al., Respondents, v. ST. LOUIS BELTING & SUPPLY COMPANY, Appellant.

St. Louis Court of Appeals, November 27, 1906.

1. **LANDLORD AND TENANT: Prima Facie Case.** In an action for rent, the evidence is examined and held sufficient to support a finding by the trial court that the contract of lease was made for the benefit of the defendant.

2. ———: **Evidence: Admissions.** In an action for rent against two defendant corporations, the admissions in connection with the rent of one who was an officer in both companies and the ruling spirit in both, were properly admitted in evidence against them.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. E. Withrow,* Judge.

AFFIRMED.

*Chester H. Krum* for appellant.

*Truman P. Young* for respondents.

As the evidence clearly showed that a tenancy from month to month existed prior to the first day of April, 1903, and that the appellant occupied the premises in question and paid rent therefor before that date, it was clearly liable in the action for rent thereafter. There was undoubtedly a privity of estate existing between respondents and appellant which will support this action. In a tenancy from month to month there is in contemplation of law a new letting at the beginning of each month. Griffith v. Lewis, 17 Mo. App. 613; McDonald v. May, 96 Mo. App. 236; Gandy v. Juber, 5 B. & S. 78; 1 Taylor, Landlord and Tenant (9 ed.), p. 23, sec. 19.

GOODE, J.—The respondents in this action are the devisees of William L. Huse, deceased. Appellant, the St. Louis Belting & Supply Company, was originally joined as defendant with the A. Klaubers Sons Iron & Metal Company. Both those companies are incorporated and affiliated in business, the same persons filling some of the chief offices in each company. The two companies occupied the same building and had their offices on the first floor. This building was Nos. 509, 511 South Fourth street. The present action was instituted by respondents to recover from the two companies rent of a parcel or strip of ground eight or ten feet wide, directly north of the building and running back to an alley. The rent sued for is for twenty-two months from April 1, 1903, to March 1, 1905, at twenty dollars a month, but the amount recovered was only ten dollars a month, and that against the St. Louis Belting & Supply Company alone. The property was first leased in the lifetime of William L. Huse, either by himself or his agent, Thomas Warren. Warren collected the rent both before and after Huse's death, which occurred in December, 1902. On May 2, 1903, notice in writing was served on the com-

panies that on and after May, 1903, the rent would be twenty dollars a month instead of ten dollars, which it previously had been. The trial court found the notice to increase the rent was insufficient and, as said, gave judgment for the rent at the previous rate. As all the evidence showed the only company that occupied the premises during the months for which rent is claimed in this action, was the Belting & Supply Company, the judgment below went in favor of the Iron & Metal Company.

One contention on the appeal is that the original leasing was to the latter company alone and, therefore, as the action was on the lease and not for use and occupation, no judgment could be given against the Belting & Supply Company, there being no privity of contract or estate between it and the owners of the property. No declarations of law were asked propounding any theory of the case, and the evidence will support the finding that, though the contract was made with one of the Klaubers in the first instance, it was for the benefit of both companies as lessees. In truth both used it for awhile and the Belting & Supply Company paid the rent, or gave checks for it in its name.

An exception was saved to the admission of certain statements of Daniel Klauber on the ground that they were not made in connection with any business which he was authorized to transact. Klauber was an officer of both companies and the testimony goes to show was "the ruling spirit" in both. The admissions to which an exception was saved, were objections made by Klauber to pay an increased rent after the service of the aforesaid notice, and his statement, in connection therewith, that one of the companies was occupying the premises. Klauber's statements about the matter were competent.

It is further contended that appellant vacated the premises on receipt of the notice of the increase of rent on April 1, 1903. As to this there was a conflict; several

witnesses swearing appellant continued to occupy the ground with its property.

The judgment is affirmed. All concur.